UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

JOHNNY LEE HINSON &          CASE NO.: 11-40846-KKS
MARGIE NELL HINSON,          CHAPTER: 7

Debtor.
_____/

## ORDER DISAPPROVING APPLICATION FOR THE RECOVERY OF UNCLAIMED FUNDS (DOC. 52)

**THIS CASE** is before the Court on the Application for the Recovery of Unclaimed Funds (the "Application," Doc. 52) filed on April 6, 2016, by Dilks & Knopik, LLC ("Applicant"), for Resurgent Capital Services LP ("Claimant").

It is **ORDERED**:

The Application for the Recovery of Unclaimed Funds (Doc. 52) is DISAPPROVED without prejudice for the following reason(s):

1. The Applicant did not check the appropriate box on the first page of the Application (Doc. 52).

2. The documents attached to the Application do not show that Lisa Landreth had authority to execute the affidavit purporting to show that Latoya McDowell is authorized to execute and deliver all documents pertaining to the recovery of unclaimed property.

3. The documents attached to the Application do not show that Latoya McDowell had authority from Resurgent Capital Services LP to execute the document entitled "Limited Power of Attorney" (Doc. 52, p. 6).

4. The documents attached to the Application do not show that Latoya McDowell had authority to execute the document entitled "Affidavit of Indebtedness" for Resurgent Capital Services LP (Doc. 52-1, Exhibit E).

5. The Affidavit of Indebtedness identifies the original creditor as both "North Star Capital Acquisition Corp" and "North Star Capital Acquisition, LLC." (Doc. 52-1, Exhibit E).

6. The document entitled "Bill of Sale and Assignment of Accounts" names the seller as "North Star Capital Acquisition LLC" (Doc. 1, Exhibit B). The original proof of claim and the Trustee's Notice of Payment of Unclaimed Funds Treated in Accordance with 11 U.S.C. § 347 name the original creditor as "North Star Capital Acquisition Corp" (Proof of Claim 1-1; Doc. 41, p. 2).

7. The documents attached to the Application do not show that David L. Paris had authority to execute the document "Bill of Sale and Assignment of Accounts" for North Star Capital Acquisition LLC (Doc. 52-1, Exhibit B).

8. The document entitled "Bill of Sale and Assignment of Accounts" does not show what accounts North Star Capital Acquisition LLC assigned to Sherman Originator III LLC (Doc. 52-1, Exhibit B).

9. The documents attached to the Application do not show that Jon Mazzoli had authority from Sherman Originator III LLC to execute the document entitled "Transfer and Assignment," which purports to transfer Sherman Originator III LLC's interest in certain accounts to Sherman Originator LLC and then to LVNV Funding, LLC (Doc. 52-1, Exhibit C).

10. The documents attached to the Application do not show that Kevin Branigan had authority from Sherman Originator LLC to execute the document entitled "Transfer and Assignment," which purports to transfer Sherman Originator III LLC's interest in certain accounts to Sherman Originator LLC and then to LVNV Funding, LLC (Doc. 52-1, Exhibit C).

11. The documents attached to the Application do not show that Les Gutierrez had authority from LVNV Funding LLC to execute the document entitled "Transfer and Assignment," which purports to transfer Sherman Originator III LLC's interest in certain accounts to Sherman Originator LLC and then to LVNV Funding, LLC (Doc. 52-1, Exhibit C).

12. The document entitled "Transfer and Assignment" does not show that Sherman Originator III LLC transferred the Debtor's account to Sherman Originator LLC (Doc. 52-1, Exhibit C).

13. The document entitled "Transfer and Assignment" does not show that Sherman Originator LLC transferred the Debtor's account to LVNV Funding LLC

(Doc. 52-1, Exhibit C).

14. The documents attached to the Application do not show that Kevin Branigan had authority from LVNV Funding, LLC to execute the document entitled "Limited Power of Attorney," which purports to appoint Resurgent Capital Services LP as the attorney-in-fact for LVNV Funding, LLC (Doc. 52-1, Exhibit D).

15. The documents attached to the Application do not show that Michael Keaton had authority from Resurgent Capital Services LP to execute the document entitled "Limited Power of Attorney," which purports to appoint Resurgent Capital Services LP as the attorney-in-fact for LVNV Funding, LLC (Doc. 52-1, Exhibit D).

DONE and ORDERED on  July 11, 2016  .

KAREN K. SPECIE
U.S. Bankruptcy Judge

Copies to:
All parties in interest